# Exhibit A

**LAW OFFICE OF J. CONOR CORCORAN, P.C.**
**J. Conor Corcoran, Esquire**
**Identification No. 89111**
**1500 John F. Kennedy Boulevard**
**Suite 620**
**Philadelphia, PA  19102**
**(215) 735-1135**
**FAX:  (215) 735-1175**
**e-mail:  conor@jccesq.com**

Attorney for Plaintiff

*Filed and Attested by the Office of Judicial Records 20 NOV 2017 04:33 pm M. BRYANT*

---

**HIDDEN CITY PHILADELPHIA,**
**1315 Walnut Street, Suite 320**
**Philadelphia, PA 19107**

                    **Plaintiff,**

          **v.**

**ABC, INC.**
**4100 City Avenue**
**Philadelphia, PA 19131**

                    **Defendant.**

---

**PHILADELPHIA COUNTY**
**COURT OF COMMON PLEAS**
**CIVIL TRIAL DIVISION**

**NOVEMBER TERM, 2017**
**No.**

To Defendant ABC, Inc.:

You have twenty (20) days to respond to the Complaint against you enclosed within, or a judgment may be entered against you.

Attorney for Plaintiff

## COMPLAINT – NOTICE TO DEFEND

### "NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

### "AVISO

"Le han demando a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias, de plaza al partir de la feche de la demande y la notification.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus prop- iedades u otros derechos importantes para usted.

Case ID: 171102058

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION

LAWYER REFERRAL & INFORMATION SERV.

One Reading Center

Philadelphia, PA  19107

(215) 238-6333"

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENDIADOS DE FILADELFIA

SERVICIO DE REFENCIA E INFORMACION LEGAL

One Reading Center

Filadelfia, PA  19107

Telefono: (215) 238-6333"

Case ID: 171102058

**LAW OFFICE OF J. CONOR CORCORAN, P.C.**
**J. Conor Corcoran, Esquire**
**Identification No. 89111**
**1500 John F. Kennedy Boulevard**                      Attorney for Plaintiff
**Suite 620**
**Philadelphia, PA  19102**
**(215) 735-1135**
**FAX:  (215) 735-1175**
**e-mail:  conor@jccesq.com**

_____

**HIDDEN CITY PHILADELPHIA,**                 **PHILADELPHIA COUNTY**
**1315 Walnut Street, Suite 320**              **COURT OF COMMON PLEAS**
**Philadelphia, PA 19107**                          **CIVIL TRIAL DIVISION**

**NOVEMBER TERM, 2017**
                            **Plaintiff,**                          **No.**

          **v.**

                                                    ┌─────────────────────────────────┐
**ABC, INC.**                                        │ To Defendant ABC, Inc.:          │
**4100 City Avenue**                                 │                                  │
**Philadelphia, PA 19131**                           │ You have twenty (20) days to respond to the Complaint │
                                                     │ against you enclosed within, or a judgment may be │
                                                     │ entered against you.             │
                            **Defendant.**           │                                  │
                                                     │ Attorney for Plaintiff           │
_____                  └─────────────────────────────────┘

**COMPLAINT**
**Parties**

1.      Plaintiff Hidden City Philadelphia is a Pennsylvania non-profit corporation regularly conducting a journalism business at 1315 Walnut Street, Suite 320, Philadelphia, PA 19107.

2.      Defendant ABC, Inc. is a New York corporation regularly conducting a journalism business at 4100 City Avenue, Philadelphia, PA 19131.

3.      Since at least September of 2011, and at any and all times relevant herein, Plaintiff has owned and operated a Philadelphia based journalism website, which is viewable at http://hiddencityphila.org, and which specializes in the production of news stories about historic places not commonly known to the general public in Philadelphia, with a distinctive journalistic name, journalistic trademark and/or journalistic trade dress, concerning specific areas of journalistic interest (including but not limited to Philadelphia history; historic artifacts and locations in Philadelphia; architecture in Philadelphia; urban planning, historic preservation, and residential and commercial development in Philadelphia; and gentrification in Philadelphia), and which is called "Hidden City Philadelphia."  The content produced by the Plaintiff on its website is primarily directed for consumption by the general public in and around the City of

Case ID: 171102058

Philadelphia, and is complemented by the Plaintiff's ancillary, periodic production of a festival concerning rare, historic locations in Philadelphia, called the "Hidden City Festival."

4.      Defendant ABC, Inc. ("ABC") is a New York corporation regularly conducting a journalism business at 4100 City Avenue, Philadelphia, PA 19131, producing news of interest to the general public in Philadelphia, where Defendant owns and operates both a television station (locally known as Channel 6 or 6 ABC), and a website, which is viewable at http://6abc.com. The content produced by the Defendant on its television station and its website is primarily directed for consumption by the general public in and around the City of Philadelphia.

### Factual Allegations

5.      Averments 1-4 are incorporated as though fully set forth herein at length.

6.      In 2009, prior to the launching of its journalism website in September 2011, the Plaintiff hosted the first iteration of its history and architecture festival called the "Hidden City Festival," which included tours and artistic performances in, and lectures about, a multitude of historic locations in and around the City of Philadelphia, receiving extensive press acclaim and multiple awards for the same.

7.      The Plaintiff then launched its journalism website in September 2011, and later produced another Hidden City Festival in 2013, with similar acclaim and press coverage.

8.      In 2013, Plaintiff's co-editor, Nathaniel Popkin, contacted the Defendant about the 2013 Hidden City Festival, and provided it with information about the same, in the hopes that the Defendant would produce television and/or website news stories concerning the 2013 Hidden City Festival, a true and correct copy of which is attached hereto and incorporated herein as Exhibit A.

9.      Accordingly, since at least 2013, the Defendant has been aware of the Plaintiff's existence, and its production of both the Hidden City Festival, and the Plaintiff's news business of producing Hidden City Philadelphia at http://hiddencityphila.org.

10.      As further proof thereof, on September 29, 2016, Defendant's television producer, Gwendolyn Purdom, emailed Plaintiff's Project Director, Peter Woodall, advising that the Defendant planned to produce a series of videos called "Hidden Philadelphia," and was seeking contact information to access the Kelly Natatorium at the Philadelphia Water Works, a rare, historic location about which Plaintiff had previously produced significant news coverage on its website.  A true and correct copy of that email is attached hereto, and incorporated herein, as Exhibit B.

11.      Accordingly, as evidenced by Exhibits A and B, the Defendant knew about the Plaintiff's specialized business of news production concerning areas of rare, historic interest in the City of Philadelphia, and , in particular, locations that are not commonly known to the general public or, evidently, to the knowledge of the Defendant itself.

12.     Neither Mr. Woodall, nor the Plaintiff, nor any agent thereof, consented to the Defendant's production of videos concerning areas of rare, historic interest in the City of Philadelphia, using the name "Hidden Philadelphia" or any permutation thereof.

13.     Nonetheless, on or about June 6, 2017, the Plaintiff's co-editor, Nathaniel Popkin, discovered that the Defendant produced a series of videos on its website called "Hidden Philadelphia," about a host of rare, historic locations in Philadelphia that were not commonly known to the general public, at a landing webpage with an address of http://6abc.com/tag/hidden-philadelphia.  A true and correct copy of the "screen card" for each of the Defendant's video presentations on that landing page is attached hereto and incorporated herein as Exhibit C.

13.     As set forth below, the Defendant produced at least nine (9) journalism videos concerning rare, historic locations in Philadelphia, using the name "Hidden Philadelphia" as set forth in Exhibit C and in the URLs for the videos, as follows:

http://6abc.com/entertainment/hidden-philadelphia-billy-penns-hat/2062819/

http://6abc.com/entertainment/hidden-philadelphia-the-solitude-house/2066766/

http://6abc.com/entertainment/hidden-philadelphia-a-rare-bird/2066835/

http://6abc.com/entertainment/hidden-philadelphia-a-sad-statue/2062533/

http://6abc.com/entertainment/hidden-philadelphia-the-moon-tree/2062680/

http://6abc.com/entertainment/hidden-philadelphia-the-historic-amphitheater/2062616/

http://6abc.com/entertainment/hidden-philadelphia-underground-pools/2062746/

http://6abc.com/entertainment/hidden-philadelphia-underneath-the-street/2062859/

http://6abc.com/entertainment/hidden-philadelphia-underground-pools/2062746/http%3A%2F%2F6abc.com%2F2062746%2F/

14.     On or about June 6, 2017, the Plaintiff's co-editor, Nathaniel Popkin, emailed April Carty-Sipp, the Defendant's vice president of programming, to register a complaint that the Defendant's use of videos about rare, historic locations in Philadelphia, using the name "Hidden Philadelphia," was done without receiving permission from the Plaintiff to do so, particularly since the Plaintiff had been producing news stories, under a similar sobriquet, about similar areas of journalistic interest, since at least 2011, and that the Defendant was "attempting to capitalize on the good name earned by our tiny non-profit."  A true and correct copy of this email is attached hereto and incorporated herein as Exhibit D.

15.    The Defendant has refused to take down, or otherwise relabel, the videos which clearly appropriate the name of the Defendant's news competitor, the Plaintiff herein, despite the aforementioned, polite request from Mr. Popkin, and the Defendant continues to publish its videos, as aforementioned in averment 13, despite Mr. Popkin's email in Exhibit D.

16.    April Carty-Sipp did not respond to Mr. Popkin's email of June 6, 2017, and instead left that up to Theresa W. Karle, Esq., in house counsel for the Defendant, who wrote Mr. Popkin on June 7, 2017, with the incredible assertion that "the names are not identical – one includes the word CITY and the other does not."  A true and correct copy of Ms. Karle's correspondence is attached hereto and incorporated herein as Exhibit E.

17.    Ms. Karle also proffered the ridiculous and hypocritical assertion that the news services provided by the Defendant were not identical to the news services offered by the Plaintiff, by virtue of the fact that the Plaintiff also uses its name for an "online publication, tours, festivals and community services." *See* Exhibit E.

18.    It should be noted that, like the Plaintiff herein, the Defendant also conducts ancillary activities to its news business,  such as Breast Cancer Walks with Independence Blue Cross, offers to tour "The View" in New York City with Adam Joseph,  and perhaps most famously, the annual Thanksgiving Day Parade, produced by Defendant's local news station, 6 ABC.

19.    None of the Defendant's ancillary activities co-opts the Plaintiff's name, or any permutation thereof, except for the Defendant's news stories concerning rare, historic locations in Philadelphia, as set forth in averment 13, *supra*.

20.    Since long prior to the acts of the Defendant complained of herein, the Plaintiff has marketed, distributed and sold, and continues to market, distribute and sell, its news oriented goods and services in, among other channels, websites and print media throughout the Philadelphia area.

21.    Since at least April of 2005, the famous "Hidden City Philadelphia" mark has appeared, and continues to appear, on Plaintiff's product packaging (such as the Plaintiff's website, itself), retail items such as t-shirts, advertising, promotional materials, displays and the like.

22.    Since at least April of 2005, the Plaintiff has marketed, distributed and sold its Hidden City Philadelphia brand goods and services, bearing the Hidden City Philadelphia mark, in websites and print media.

23.    Plaintiff's trade dress is an inherently distinctive product branding and/or packaging which is comprised of the following original and distinctive elements: the provision of news services under the name of "Hidden City Philadelphia" and adorned with historic ephemera, video, lectures, tours, and advertisements, that emphasize the Plaintiff's specialty in providing news goods and services about rare, relatively unknown, historic locations, in and around Philadelphia.

24. The famous and inherently distinctive "Hidden City Philadelphia" trade dress is not functional, and serves to readily distinguish Plaintiff's news products and services from those of Plaintiff's competitors, such as Defendant herein.

25. Plaintiff has sold its line of news goods and services bearing the "Hidden City Philadelphia" mark and/or trade dress, in substantially the same forms, since at least April of 2005, in Philadelphia.

26. Plaintiff prominently features the "Hidden City Philadelphia" mark and significant elements of the "Hidden City Philadelphia" trade dress on signage, t-shirts, posters, point of sale displays, and other related materials.

27. The extraordinary success of Plaintiff's "Hidden City Philadelphia" branded goods and/or services has fostered wide renown and fame with the trade and public, and as a result of such success, the long, continuous and exclusive use of the "Hidden City Philadelphia" mark and trade dress, in connection with news goods and services, consumers in the Philadelphia area have come to recognize the Plaintiff's "Hidden City Philadelphia" marks and trade dress, and associate them solely with the Plaintiff and know that Plaintiff's goods and services will be of a particular quality.

28. Plaintiff has invested enormous amounts of time, effort, and money in developing and marketing its products and services, and the "Hidden City Philadelphia" mark and trade dress in connection therewith, and is hereinafter collectively referred to as the Plaintiff's Intellectual Property.

29. Plaintiff continuously advertises and promotes the Plaintiff's Intellectual Property and the goods and services sold thereunder in a wide variety of local media, including but not limited to locally circulated websites, print media, newspapers, magazine, radio and/or major television broadcast and/or cable networks.

30. As a result of Plaintiff's time, effort, widespread promotion and advertising, and expenditures for the same in the development, marketing, advertising and promotion of the Plaintiff's "Hidden City Philadelphia" mark and trade dress, the Plaintiff's Intellectual Property has acquired and maintains an outstanding fame and popularity in the Philadelphia area.

31. The Plaintiff's Intellectual Property has acquired enormous value and has become famous to the consuming public and trade as identifying and distinguishing Plaintiff's goods and services from those of its competitors.

## Defendant's Unlawful Activities

32. Upon information and belief, the Defendant provides news goods and services, using the Plaintiff's "Hidden City Philadelphia" mark and/or trade dress or an identical permutation thereof, as aforementioned in averment 13, *supra*, without the permission or authorization of the

Case ID: 171102058

Plaintiff and, in fact, in explicit contravention of the Mr. Popkin's written request that they should not be so doing.  *See* Exhibit D.

33.    Defendant's advertising and/or actual provision of news goods and services, as aforementioned, featured simulations, confusingly similar variations, and/or imitations of the Plaintiff's "Hidden City Philadelphia" mark and trade dress, which is inherently distinctive and protectable to the exclusive right of Plaintiff herein.

34.    Defendant deliberately infringed upon the Plaintiff's "Hidden City Philadelphia" mark and trade dress on multiple occasions, and continues to do so.  *See* Exhibit C and averment 13, *supra*.

35.    As set forth in averment 13, *supra*, there are at least nine (9) examples of the Defendant's improper, infringing, willful, unlawful and dilutive conduct (hereinafter referred to as "Defendant's Infringements") which persist as of the date of this filing.

36.    Upon information and belief, Defendant marketed, distributed and sold the Defendant's Infringements through its interactive online website, print media, public transit advertisements, product catalogue, advertisements, television, radio and other third party websites and retailers.

37.    Defendant's production, marketing, advertising, promotion, distribution and sale of the Defendant's Infringements substantially affected commerce within the City of Philadelphia, by virtue of the fact that Defendant's activities adversely affect the reputation and goodwill of Plaintiff within the City of Philadelphia, and/or its ability to exclusively control its own marks and trade dress, because that's where Plaintiff's news goods and services are located and produced and sold.

38.    Upon information and belief, Defendant can claim no rights to the Plaintiff's "Hidden City Philadelphia" mark and/or trade dress which is in conflict with the rights of Plaintiff to the same "Hidden City Philadelphia" mark and/or trade dress.

39.    Despite being put on constructive notice of Plaintiff's rights in their famous marks and/or trade dress by way of Mr. Popkin's email in Exhibit D, Defendant nonetheless willfully diluted and infringed, and/or continues to willfully dilute and infringe, Plaintiff's mark and trade dress by using variations, simulations, or colorable imitations of such marks as set forth in averment 13, *supra*, in violation of Plaintiff's rights.

40.    Upon information and belief, Defendant has adopted, used, and is planning to use the Defendant's Infringements with the intent and purpose of commercially exploiting and trading upon the fame, recognition, reputation and extensive goodwill built up by the Plaintiff in the "Hidden City Philadelphia" mark and trade dress and to reap the benefits of years of effort and investment by Plaintiff to create public recognition of the "Hidden City Philadelphia" mark and trade dress.  Defendant's conduct is intentionally fraudulent, malicious, willful and wanton.

41.    Defendant's acts complained of herein have been committed with knowledge that such acts are intended to cause confusion, or to cause mistake, or to deceive.

42.     Defendant's adoption and use of the Defendant's Infringements in connection with the provision of news goods and services was likely – and in fact did cause – confusion in the minds of consumers because they mistakenly believed that the Defendant's news products and services were affiliated with the Plaintiff's news products and services.

43.     Defendant's adoption and use of the Defendant's Infringements likely tarnished the Plaintiff's "Hidden City Philadelphia" mark and trade dress with large scale corporate affairs like the Defendant's news goods and services, which is in contravention to the independent branding explicitly undertaken to promote Plaintiff's news goods and services.  Such an association will undermine and damage the substantial goodwill and reputation associated with Plaintiff, its mark, its trade dress, and its goods and services, which Plaintiff has spent tremendous amounts of time and money to develop, and will dilute the distinctiveness of the Plaintiff's mark and trade dress.

**COUNT I**
**PLAINTIFF V. DEFENDANT**
**PENNSYLVANIA TRADEMARK ACT AND UNFAIR COMPETITION**
**54 Pa.C.S.A. §§ 1101, 1123, 1124 and 1125**

44.     Averments 1-43 are incorporated as though fully set forth herein at length.

45.     Plaintiff is the owner of a mark ("Hidden City Philadelphia") which is famous in this Commonwealth.

46.     Defendant knowingly, willfully, outrageously, intentionally, wantonly, recklessly and/or maliciously used and/or abused Plaintiff's mark by using it for the provision of its news goods and services, as aforementioned.

47.     Defendant's actions and/or inactions in this regard have caused the dilution of the distinctive quality of Plaintiff's mark.

48.     Defendant knowingly, willfully, outrageously, intentionally, wantonly, recklessly and/or maliciously intended, on multiple occasions as aforementioned, to trade on the Plaintiff's reputation or to cause dilution of Plaintiff's mark.

49.     Defendant knowingly, willfully, outrageously, intentionally, wantonly, recklessly and/or maliciously and/or in bad faith used Plaintiff's name, trademark, service mark and/or trade dress in the provision of its news goods and services, as aforementioned.

50.     Defendants realized tremendous profits from the provision of its news goods and services, as a consequence of utilizing the Plaintiff's "Hidden City Philadelphia" mark and/or trade dress in its provision of its news goods and services, thereby constituting unfair

competition. Defendant's actions in these regards constitute common law trade dress infringement, trademark infringement (regardless of registration status), unfair competition, and a false designation of origin.

WHEREFORE, pursuant to 54 Pa.C.S.A. § 1125, Plaintiff respectfully requests judgment against the Defendant; an Order requiring the Defendants to pay to Plaintiff all profits derived from and all damages suffered by reason of their wrongful use, display or sale of Plaintiff's name and/or mark(s) and/or trade dress; an Order providing an injunction against the Defendant, prohibiting any further use of the Plaintiff's name, mark, trade dress, or any permutation thereof; plus punitive and/or treble damages and reasonable attorney fees, in excess of $250,000 (TWO HUNDRED FIFTY THOUSAND DOLLARS).

## COUNT II
## PLAINTIFF V. DEFENDANT
## COMMERCIAL DISPARAGEMENT

51.     Averments 1-50 are incorporated as though fully set forth herein at length.

52.     The Defendant knew or should have known that its advertisements, signage, and other similar promotions of its news goods and services as "Hidden Philadelphia" falsely communicated to consumers that the Plaintiff, and its news goods and services, were providing the aforementioned videos.

53.     The videos that were fraudulently produced by the Defendant were grossly inferior to the goods and services actually offered to consumers by the Plaintiff.

54.     The Defendant knew or should have known that such a false communication to consumers in the City of Philadelphia and Commonwealth of Pennsylvania would cause financial loss to the Plaintiff, and the Defendant's insistence on continuing to use the "Hidden Philadelphia" name, despite written notice to the contrary as aforementioned in Exhibit D, constituted an intentional action on the part of the Defendant to cause such financial loss to Plaintiff.

55.     The Plaintiff suffered tremendous financial losses as a consequence of the Defendant's insistence on producing its unlawful "Hidden Philadelphia" news goods and services, including but not limited to lost advertising, lost promotional opportunities, and the slander of Plaintiff's goodwill, reputation, and goods and services.

56.     The Defendant explicitly knew that the communication to consumers in the City of Philadelphia, and the Commonwealth of Pennsylvania, that the Plaintiff was producing  or in any way connected with the aforementioned videos was false, and/or was in reckless disregard of the falsity of such a communication.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant; an Order requiring the Defendants to pay to Plaintiff all profits derived from and all damages suffered by

reason of their wrongful use, display or sale of Plaintiff's name and/or mark(s) and/or trade dress; an Order providing an injunction against the Defendant, prohibiting any further use of the Plaintiff's name, mark, trade dress, or any permutation thereof; plus punitive and/or treble damages and reasonable attorney fees, in excess of $250,000 (TWO HUNDRED FIFTY THOUSAND DOLLARS).


Respectfully Submitted,

LAW OFFICE OF J. CONOR CORCORAN, P.C.

Date:  October 16, 2017

J. Conor Corcoran, Esquire
Atty. I.D. No. 89111
1500 John F. Kennedy Boulevard
Suite 620
Philadelphia, PA 19102
Phone: (215) 735-1135
Fax: (215) 735-1175
Email:  conor@jccesq.com

## VERIFICATION

I, Peter Woodall, on behalf of Plaintiff Hidden City Philadelphia, hereby verify that I am authorized to make this Verification on its behalf; that the averments contained in the attached Complaint are true and correct to the best of my knowledge, information, and belief, and that I make this Verification subject to 18 Pa.C.S.A. section 4904 relating to unsworn falsification to authorities.

Respectfully Submitted,

HIDDEN CITY PHILADELPHIA

Date: October 16, 2017

Peter Woodall, Project Director

**LAW OFFICE OF J. CONOR CORCORAN, P.C.**
**J. Conor Corcoran, Esquire**
**Identification No. 89111**
**1500 John F. Kennedy Boulevard**                    Attorney for Plaintiff
**Suite 620**
**Philadelphia, PA  19102**
**(215) 735-1135**
**FAX:  (215) 735-1175**
**e-mail:  conor@jccesq.com**

---

**HIDDEN CITY PHILADELPHIA,**                    **PHILADELPHIA COUNTY**
**1315 Walnut Street, Suite 320**                    **COURT OF COMMON PLEAS**
**Philadelphia, PA 19107**                              **CIVIL TRIAL DIVISION**

                    **Plaintiff,**                      **OCTOBER TERM, 2017**
                                                          **No.**
          **v.**

**ABC, INC.**
**4100 City Avenue**
**Philadelphia, PA 19131**

|
| --- |
| To Defendant ABC, Inc.: |
| You have twenty (20) days to respond to the Complaint against you enclosed within, or a judgment may be entered against you. |
| Attorney for Plaintiff |

                    **Defendant.**

---

<u>CERTIFICATE OF SERVICE</u>

I, J. Conor Corcoran, Esquire, hereby certify that a true and correct copy of the foregoing Complaint was sent to the following via email and/or first class mail:

Theresa W. Karle, Esq.
ABC, Inc.
<u>Theresa.w.karle@abc.com</u>

Respectfully Submitted,

LAW OFFICE OF J. CONOR CORCORAN, P.C.

Date:   11/20/17

J. Conor Corcoran, Esquire
Attorney for Plaintiff

Case ID: 171102058

# EXHIBIT A

| **Subject:** | Fwd: Hidden City Festival |
| **From:** | Nathaniel Popkin (nathaniel.popkin@gmail.com) |
| **To:** | XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX |
| **Date:** | Monday, October 16, 2017 2:48 PM |

Begin forwarded message:

**From:** Nathaniel Popkin <nathaniel.popkin@gmail.com>
**Subject: Re: Hidden City Festival**
**Date:** June 19, 2013 at 10:09:03 AM EDT
**To:** "Munich, Linda" <Linda.Munich@abc.com>
**Cc:** "Daughenbaugh, Wendy" <Wendy.Daughenbaugh@abc.com>, "Husar, Tanya" <Tanya.Husar@abc.com>, "Neilon, Mike" <Mike.Neilon@abc.com>, "Crooks, Maxine J." <Maxine.J.Crooks@abc.com>, "Royal, Rob" <Rob.Royal@abc.com>, Peter Woodall <pwoodall@hiddencityphila.org>, Lee Tusman <ltusman@hiddencityphila.org>

Linda,

Thanks very much.

Producers should connect with Lee Tusman (ltusman@hiddencityphila.org) or Peter Woodall (pwoodall@hiddencityphila.org) to arrange access and think through sites and coverage.

best
Nathaniel

On 6/19/2013 10:06 AM, Munich, Linda wrote:

> Nathaniel,
>
> The Hidden City Festival sounds like an interesting and different experience.
> I am sharing your information with producers, a news planner and our assignment manager.
> Hopefully, they will be able to consider coverage before your season ends.

**From:** Nathaniel Popkin [mailto:nathaniel.popkin@gmail.com]
**Sent:** Wednesday, June 05, 2013 10:35 PM
**To:** Munich, Linda
**Subject:** Hidden City Festival

Dear Linda,

I work closely with Sam Katz on the Philadelphia history documentary and I also edit a web magazine called the Hidden City Daily. This year Hidden City is holding its second festival (the first was in 2009)--a celebration of urban exploring and art. The Festival began May 23; nine wonderful and truly hidden sites across the city of Philadelphia, each animated by engaging and wonderful art, are open each Thursday-Sunday 12-7 through June 30 . In addition, we're offering dozens of tours, concerts, and performances.
Click HERE for the PDF version of our Festival Guide and HERE for the Festival Website.

Would 6ABC be interested in covering the Festival? With nine sites, and ten different artist projects, there are plentiful visuals and stories to tell. I'd be happy to give you a highlight list and/or help direct your folks to some of the great people involved.

all the best,
Nathaniel

--

Nathaniel Popkin
nathanielpopkin.net


Co-producer and senior script editor, "Philadelphia: The Great Experiment"
History Making Productions

Editorial Director, Hidden City Philadelphia


--

Nathaniel Popkin
nathanielpopkin.net

Co-producer and senior script editor, "Philadelphia: The Great Experiment"
History Making Productions

Editorial Director, Hidden City Philadelphia


--

Nathaniel Popkin
nathanielpopkin.net
@NathanielPopkin

# EXHIBIT B

**Subject:** Fwd: Kelly Natatorium Video Shoot Inquiry from WPVI-TV/ZaZoom Media

**From:** Peter Woodall XXXXXXXXXXXXXXXXX

**To:** XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

**Date:** Tuesday, June 6, 2017 12:53 PM

XXXXXXXXXXXXXXXX

---------- Forwarded message ----------
From: **Gwendolyn Purdom** <gwenpurdom@gmail.com>
Date: Thu, Sep 29, 2016 at 9:25 AM
Subject: Kelly Natatorium Video Shoot Inquiry from WPVI-TV/ZaZoom Media
To: pwoodall@hiddencityphila.org

Hi Peter,

I wanted to reach out as I'm a producer working with WPVI there in Philadelphia to put together a short video series called Hidden Philadelphia that will explore several interesting, quirky or little-known places in the city. You can take a look at some episodes we did in New York here to get a better idea of what we're doing.

We'd love to feature the abandoned Kelly Natatorium and I wanted to see who the best person to talk to would be if we wanted to send our cameraman over to get some footage next week? Early week would be ideal but we're happy to work around your schedule as best we can. It shouldn't take too long as these are one-minute videos. It would only be footage of the space, no interviews or anything.

Please let me know when might work. I can be reached via email or by phone at 630-674-2690.

Thanks so much!

Gwen Purdom

--
Gwen Purdom
gwenpurdom@gmail.com
cell: (630) 674-2690
www.gwendolynpurdom.com

EXHIBIT C



EXHIBIT D

**Subject:** Fwd: Hidden Philadelphia

**From:** Nathaniel Popkin XXXXXXXXXXXXXXXX

**To:** XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

**Date:** Monday, October 16, 2017 2:45 PM

Begin forwarded message:

**From:** Nathaniel Popkin <nathaniel.popkin@gmail.com>
**Subject: Re: Hidden Philadelphia**
**Date:** June 6, 2017 at 5:35:39 PM EDT
**To:** "Carty-Sipp, April" <April.Carty-Sipp@abc.com>

Dear April,

Hope you're well!

My colleagues at Hidden City Philadelphia have just become aware of the video series that uses the title "Hidden Philadelphia." We believe this infringes on our trademark.

Given the name of the program and the theme, I'm a little troubled that 6ABC would conceive of such a program without reaching out to me or my colleagues. Under the name Hidden City Philadelphia, we have been revealing and reporting on places in the city since 2009. "Hidden City Philadelphia," which goes along with a particular product, is well-known and highly valued in the city and region.

I'd like to request that we begin a conversation to resolve this problem.

My best,
Nathaniel

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

EXHIBIT E



**Theresa W. Karle**
Assistant Chief Counsel

June 7, 2017

<u>BY EMAIL & REGULAR MAIL</u>

Nathaniel Popkin
Hidden City Philadelphia
c/o CultureWorks Greater Philadelphia
The Philadelphia Building
1315 Walnut Street, Ste. 320
Philadelphia, PA 19107-4701

Dear Mr. Popkin:

I write in response to your recent email to April Carty-Sipp, WPVI--Vice President Program Director, complaining about a series of videos on WPVI's website entitled HIDDEN PHILADELPHIA, which is part of an ABC News nationwide HIDDEN AMERICA campaign.

We do not agree that there is any likelihood of confusion between the HIDDEN CITY PHILADELPHIA activities, and WPVI's use of HIDDEN PHILADELPHIA.  The names are not identical – one includes the word CITY and the other does not.  The services offered are not identical.   HIDDEN CITY PHILADELPHIA, according to its website, uses its name for an online publication, tours, festivals and community services.  WPVI uses the name for a series of videos on its own website.  The context in which consumers encounter the name reduces the likelihood of confusion because WPVI uses HIDDEN PHILADELPHIA in close proximity to its own mark.  Most importantly, the names are descriptive.  As the United States Supreme Court said in the case of KP Permanent Makeup v. Lasting Impressions, Inc. in 2004, "If any confusion results, that is a risk the plaintiff accepted when it decided to identify its product with a mark that uses a well-known descriptive phrase."

Should you wish to discuss this matter further, please contact me directly.

Very truly yours,

*Theresa W. Karle*