IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HIDDEN CITY PHILADELPHIA : CIVIL ACTION
:
v. : No. 18-65
:
ABC, INC. :

## ORDER

AND NOW, this 1st day of March, 2019, upon consideration of Defendant ABC, Inc.'s Motion to Dismiss Plaintiff's Complaint, Plaintiff Hidden City Philadelphia's opposition thereto, and ABC, Inc.'s reply, and following the parties' presentation during oral argument held on July 24, 2018, it is ORDERED the Motion (Document 21) is GRANTED for the reasons stated in the accompanying Memorandum.

It is further ORDERED Hidden City Philadelphia's Motion for Leave to File an Amended Complaint (Document 26) is DENIED.[1]

---

[1] Hidden City moves for leave to amend its Complaint so that it may add a common law trademark infringement claim, formally remove its commercial disparagement claim, and reduce its damages so that the case may be remanded back to state court. A district court has discretion to deny a request to amend "if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005).
    Here, the Court finds that the proposed amendments would be futile. The proposed claim for common law trademark infringement under Pennsylvania law has the same essential elements as Hidden City's trademark infringement claim under the Pennsylvania Trademark Act. *See Fetzer Co. v. Gehring*, 288 F.Supp. 2d 696, 703 n.7 (E.D. Pa. 2003) (noting that the federal and Pennsylvania statutes governing trademark infringement are "identical except that the Pennsylvania law narrows the focus to acts within the Commonwealth"); *Mateson Chemical Corp. v. Vernon No. 96-7914*, No.CIV.A. 96-7914, 2000 WL 796737 *5 n.7 (E.D. Pa. May 9, 2000) ("Under Pennsylvania law[,] a common law trademark infringement action is governed by the same standards as an action brought under the [the federal statute governing trademark infringement].") The principal difference between a Pennsylvania statutory trademark infringement claim and common law claim is that the statutory claims require a registered trademark, *see* 54 Pa. Cons. Stat. §§ 1123, 1125, which Hidden City does not have. While the lack of a registered trademark would not preclude Hidden City's common law infringement

The Clerk of Court is DIRECTED to mark the above-captioned case CLOSED.

BY THE COURT:

/s/    Juan R. Sánchez
Juan R. Sánchez, C.J.

---

claim, this claim would still be subject to the same First Amendment defense raised by ABC against Hidden City's statutory infringement claim. *Cf. Medina v. Dash Films, Inc.*, No. 15cv2551, 2016 WL 3906714, at *5 (S.D.N.Y. July 14, 2016) (explaining that the same First Amendment considerations that limit a cause of action under the federal trademark statute limit common law claims of trademark infringement under New York state law). Because Hidden City's statutory trademark infringement claim is being dismissed on these First Amendment grounds, *see* Mem. Op. 5-9, Mar. 1, 2019, this proposed amendment would be futile.

As to Hidden City's request to formally remove its commercial disparagement claim, it has already withdrawn this claim during oral argument. And because "a plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor," *see Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993), Hidden City's desire to reduce its damages to divest the Court of jurisdiction would also be futile. Hidden City's motion for leave to amend its Complaint is therefore denied. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (explaining that while "[t]he court should freely give leave [to amend its pleading] when justice so requires," leave need not be granted when the proposed amendment would be futile).